UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,

Petitioners,

-against-

MARVIN DEVELOPMENTS, INC.,

Respondent.

19 CV _____

**PETITION TO CONFIRM AN ARBITRATION AWARD**

---

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the New England Regional Council of Carpenters, f/k/a the Northeast Regional Council of Carpenters, which succeeded the Empire State Regional Council of Carpenters ("Union"), and Marvin Developments, Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.     Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.     Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5.     Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6.     Respondent is a corporation incorporated under the laws of the State of New York and conducting business within the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent is registered with the New York State Department of State at 17 S. Macquesten Parkway, Mount Vernon, New York 10550, and maintains its principal place of business at 66 Sterling Avenue #1, Yonkers, New York 10704.

## THE ARBITRATION AWARD

7. At all relevant times, Respondent has been a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. (the "Association"). A letter from the Association in 2013, as well as copies of the Association's member lists from 2015, 2016, and 2019, are annexed hereto as **Exhibit A.**

8. As a member of the Association, Respondent agreed to be bound to the July 1, 2011 through May 31, 2016 ("the 2011-2016 CBA") and July 1, 2016 through April 30, 2019 ("the 2016 through 2019 CBA") Southeast Region Agreement entered into between the Association and the Union. Copies of the 2011-2016 CBA and the 2016-2019 CBA (collectively the "CBAs") are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

9. The CBAs requires Respondent, *inter alia*, to make contributions to the funds for all work within the trade and geographical jurisdiction of the Union ("Covered Work"). Ex. B, Art. Sixteen, Section (a); Ex. C, Art. Sixteen, Section (a).

10. The CBAs further provide, that "the Employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and the labor management cooperation committees, so designated." Ex. B, Art. Sixteen, Section (a); Ex. C, Art. Sixteen, Section (a).

11. The Trustees of the Funds established a Joint Policy for the Collection of Delinquent Contributions ("Collection Policy"). A copy of the Collection Policy is attached hereto as **Exhibit D**.

12. The Collection Policy defines "contributions" as the monetary contributions due to the Funds plus the supporting remittance report, shop report, or weekly payroll report. Ex. D, Art. 2.1(A).

13. The Collection Policy further provides that, should an employer fail to submit remittance reports, the Funds shall estimate the contributions due "by assuming that the hours for which the employer is obligated to contribute for each week in the unreported month equal the highest number of average hours for which the employer was obligated to contribute in a week for any four consecutive weeks within the 36 months immediately preceding the unreported month." Ex. D, Art. 3.2.

14. In the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Ex. D, Art. 2.3(A).

15. The Collection Policy provides that the employer shall be liable for all costs incurred in collecting the delinquent contributions, including without limitation interest, liquidated damages, attorneys' fees, and arbitration fees. Ex. D, Art. 1.1(V)(4-5) and Art. 6.2-6.3.

16. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded. Ex. D, Art. 2.1(D).

17. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced. The amount of the liquidated damages shall be 20% of the delinquent Contributions." Ex. D, Art. 6.1.

18. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson, for Respondent's failure to remit reports and contributions to the Funds for the months September 2018 through November 2018. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the Notice of Intent to Arbitrate Delinquency is attached hereto as **Exhibit E**.

19. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated January 17, 2019, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit F**.

20. The arbitrator found that Respondent was in violation of the terms of the CBAs and ordered Respondent to pay the Funds the sum of $146,910.82, consisting of delinquent contributions in the amount of $127,326.60, interest of $957.34, liquidated damages of $16,976.88, attorneys' fees of $900 plus interest on the attorneys' fees at the rate of 10% from the date of the Award[1], and the arbitrator's fee of $750 pursuant to the CBAs.

21. Respondent has failed to abide by the Award.

22. The Award has not been vacated or modified and no application for such relief is currently pending.

23. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

24. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and Section 502(g) of ERISA, 29 U.S.C. § 1132(g). *See* Ex. F, ¶ 9.

25. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit H**.

26. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and a partner at V&A. Since graduating law school and being admitted to the New York State bar, I have handled the prosecution of numerous ERISA collections actions. V&A billed my time at a rate of $225 per hour. *Id.*

---

[1] To date, interest on the attorneys' fees at a rate of 10% from the date of the Award equals $17.75. A spreadsheet calculating this amount is attached hereto as **Exhibit G**.

27. Kelly Malloy ("KLM" in the accompanying billing records) is a 2018 graduate of Brooklyn Law School and an associate at V&A. Ms. Malloy's primary practice area is the representation of multiemployer employee benefit plans in ERISA litigation. V&A billed Ms. Malloy's time at a rate of $225 per hour. *Id.*

28. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

29. V&A's total billings in this matter amount to $1,395 reflecting 6.2 hours of work. *Id.*

30. In addition, V&A will also advance $475 in court filing and service fees upon the filing of the instant petition.

31. Accordingly, Petitioners are entitled to recover $1,870 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;
2. Award judgment in favor of Petitioners and against Respondent in the amount of $146,929.32, consisting of $146,910.82 owed to Petitioners under the Award and $18.50 in interest on the attorneys' fees pursuant to the Award, plus interest from the date of the Award through the date of judgment;
3. Award judgment in favor of the Petitioners and against Respondent in the amount of $1,870.00 in attorneys' fees and costs arising out of this petition; and
4. Award Petitioners such other and further relief as is just and proper.

6

Dated: New York, New York  
      April 1, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____  
Nicole Marimon, Esq.  
40 Broad Street 7th Floor  
New York, New York 10004  
Tel: (212) 943-9080  
Fax: (212) 943-9082  
*Attorneys for Petitioners*